IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CLAUDIA LEWIS, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. 2:07cv1015-WKW |
| | ) |
| GREENVILLE INN AND SUITES, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

On November 16, 2007, Plaintiffs Claudia Lewis, Brenda McKee and Padreka Scott brought this 42 U.S.C. § 1981 action against their former employer, Greenville Inn and Suites, asserting that in September 2007 they were terminated based upon their race (Doc. #1). As of July 1, 2008, Plaintiffs had not properly served Defendant and had failed to respond to inquiries from the office of the Clerk of the Court regarding the service deficiency; consequently, the court entered an Order that Plaintiffs show cause in writing by July 8, 2008, as to why their case should not be dismissed for failure to prosecute (Doc. # 11). On July 2, 2008, Plaintiffs filed a response outlining their efforts to effect service and moved for leave to perfect personal service on Defendant by a process server (Docs. # 12 & 13). In an Order entered on July 15, 2008, the court granted the motion, but mandated that Plaintiffs perfect service on Defendant on or before August 4, 2008 (Doc. # 14). August 4 has come and gone without any response by Plaintiffs or demonstration that Plaintiffs

perfected service on Defendant. Indeed, the court's July 15 Order is the last docket entry in the file.

The court has inherent authority to dismiss a lawsuit for want of prosecution. "[T]his power is necessary to prevent undue delays in the disposition of pending cases, docket congestion, and, the possibility of harassment of a defendant." *Medeiros v. United States*, 621 F.2d 468, 470 (1st Cir. 1980) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962)); *see also Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998) ("A district court *sua sponte* may dismiss an action for failure to prosecute or to comply with any court order."). Moreover, Rule 4(m) of the Federal Rules of Civil Procedure authorizes dismissal of an action without prejudice when a plaintiff fails to serve a defendant with the summons and complaint with 120 days after the filing of the complaint and does not show good cause for that failure. Fed. R. Civ. P. 4(m). Proper service within Rule 4(m)'s time limits is the responsibility of the plaintiff. Fed. R. Civ. P. 4(c)(1).

Plaintiffs have had ample opportunity to serve Defendant with a copy of the summons and complaint, as this case has been pending for more than 250 days. Furthermore, in a prior Order (Doc. # 11), the court forewarned Plaintiffs that dismissal for failure to prosecute was imminent based upon their failure to effect service. While Plaintiffs responded to the court's Order by moving for an extension of time to serve Defendant properly (Doc. # 13), which the court granted (Doc. # 14), proof of service on Defendant still is lacking. Plaintiffs also have failed to acknowledge the court's August 4 deadline (Doc. # 14). Consequently, the

2

court finds that dismissal without prejudice is appropriate for failure to effect service, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, and for failure to prosecute.

Accordingly, it is ORDERED that this cause is DISMISSED without prejudice. An appropriate final judgment will be entered.

Done this 7th day of August, 2008.

                          /s/ W. Keith Watkins  
                   UNITED STATES DISTRICT JUDGE